SCOTT E. BRADFORD, OR #062824
United States Attorney
District of Oregon
**ETHAN G. BODELL, PA #321830**
Special Assistant United States Attorney
Ethan.Bodell@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **1:25-cr-00409-MTK** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **SARAH HARDISTY,** | |
| **Defendant.** | |

## INTRODUCTION

Defendant pleaded guilty to theft of government funds in violation of 18 U.S.C. § 641. Pursuant to the plea agreement, the government recommends a sentence of three years' probation, $178,869.29 in restitution, and a $100 special assessment.

## FACTUAL BACKGROUND

### A. The Offense Conduct

The presentence report (PSR) accurately states the facts of defendant's offense as stipulated in the plea agreement. PSR ¶¶ 20–23. Defendant's mother passed away in 2017.

Unaware of her death, the Social Security Administration ("SSA") continued making monthly benefit payments into her bank account despite no payments being due. Pacific Gas and Electric ("PG&E") also continued to deposit pension payments into defendant's mother's account after her death, and the IRS likewise deposited COVID-19 Economic Impact Payment stimulus checks.

Between 2017 and 2024, believing defendant's mother to be alive, the SSA paid $130,759, PG&E paid $44,910.29, and the IRS paid $3,200 into her account after her death, for a total of $178,869.29. During that same time, defendant routinely used her deceased mother's debit card to access and spend those funds for herself. This included ATM cash withdrawals and point-of-sale purchases for several years after her mother's death.

### B. Information and Plea

On October 9, 2025, defendant was charged by information with one count of Theft of Government Funds in violation of 18 U.S.C. § 641. ECF No. 1. On October 29, 2025, defendant pleaded guilty to the single-count information. ECF No. 11.

## GUIDELINES AND RECOMMENDATION

### A. Guidelines Computation

The parties agree to the applicability of the following offense-level calculation:

| | | |
|---|---|---|
| USSG § 2B1.1(a)(2) | Base Offense Level | 6 |
| USSG § 2B1.1(b)(1)(E) | Loss Greater Than $150,000 | +8 |
| USSG § 3E1.1 | Acceptance of Responsibility | -2 |
| USSG § 4C1.1 | Zero-Point Offender | -2 |
| **Adjusted Offense Level** | | **10** |

The government further agrees that an additional two-level downward variance under § 3553(a) is warranted for defendant's early resolution of the case—she waived indictment and pleaded guilty within one month of being charged—resulting in a total offense level of 8.

**B. Criminal History**

Defendant has no prior criminal history. PSR ¶ 42. A criminal history score of 0 places defendant in criminal history category I. USSG § 5A.

**C. Guideline Sentencing Range**

With a criminal history category of I and a total offense level of 8, the advisory guideline sentencing range is 0–6 months' imprisonment. USSG § 5A.

**D. Probation's Recommended Sentence**

The PSR writer recommends a sentence of 5 years' probation, $178,869.29 in restitution, and a $100 special assessment. *See* PSR at 1 (Sentencing Recommendation).

**D. Government's Recommended Sentence**

While not bound by the Sentencing Guidelines, district courts must consult the guidelines and take them into account when sentencing. *United States v. Booker,* 543 U.S. 220 (2005). The sentencing guidelines are advisory and one of the statutory factors this Court must consider when imposing a sentence. *See* 18 U.S.C. § 3553(a)(4); *United States v. Rita*, 551 U.S. 338, 347-48 (2007). The guideline serves as "the starting point and the initial benchmark" in every sentencing proceeding and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Gall v. United States*, 552 U.S. 38, 49 (2007); *Rita*, 551 U.S. at 350. The guidelines serve as a "lodestone" at sentencing, and "cabin" or "anchor" a sentencing court's discretion. *Peugh v. United States*, 569 U.S. 530, 531 (2013). While advisory, the Supreme

Court has observed that, "[c]ommon sense indicates that in general, this system will steer district courts to more within-guidelines sentences." *Id*.

Under the facts of this case, the parties—along with the Probation office—agree that a sentence of imprisonment is not warranted. Defendant accepted responsibility at an early stage, waived indictment, and pleaded guilty within one month of being charged, thereby saving the government and the Court significant time and resources preparing for trial. Further to defendant's credit, she has no criminal history and has maintained full compliance with the terms of her pretrial release for over a year. PSR ¶¶ 40–42, 96. Accordingly, pursuant to the plea agreement, the government recommends a sentence at the low end of the guideline range: three years' probation, $178,869.29 in restitution ($130,759 to SSA, $44,910.29 to PG&E, and $3,200 to the IRS), and a $100 special assessment.

This recommendation satisfies the requirement of 18 U.S.C. § 3553(a) that a sentence be "sufficient, but not greater than necessary" to meet the purposes of § 3553(a)(2).

**CONCLUSION**

Based on the foregoing, the government recommends a sentence of 3 years' probation, $178,869.29 in restitution, and a $100 special assessment.

Dated: November 4, 2026.

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*s/ Ethan G. Bodell*
ETHAN G. BODELL, PA #321830
Special Assistant United States Attorney